UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIARAVALLO,<br>      Plaintiff,<br><br>      v.<br><br>MIDDLETOWN TRANSIT DISTRICT, et al.,<br>      Defendants. | No. 3:18-cv-1360 (SRU) |

**RULING ON MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

In this four-year-old action, the City of Middletown and its former mayor, Daniel Drew, through counsel, have moved for leave to serve a third-party complaint against Acadia Insurance Group, LLC d/b/a Acadia Insurance Company ("Acadia") and the Middletown Transit District (colloquially known as "Middletown Area Transit" and hereinafter referred to as "MAT") for claims of breach of contract for failure to defend and indemnify the City and Drew in the underlying action. For the reasons that follow, the motion is **denied.**

**I.      Standard of Review**

Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." By design, Rule 14(a) "promote[s] judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim." *Hines v. Citibank, N.A.*, 1999 WL 440616, *2 (S.D.N.Y. June 28, 1999) (citing *Gross v. Hanover Ins. Co.*, 138 F.R.D. 53, 54 (S.D.N.Y. 1991)); *see also Blais Const. Co. v. Hanover Square Assocs.-I*, 733 F. Supp. 149, 152 (N.D.N.Y. 1990) ("The general purpose of Rule 14(a) is to serve judicial economy, discourage inconsistent results, and limit the prejudice incurred by a

defendant by removal of the time lag between a judgment against the defendant and a judgment over against a third-party defendant.") (citing *Dery v. Wyer*, 265 F.2d 804, 806-07 (2d Cir. 1959)).

The party seeking impleader bears the burden of demonstrating its propriety. In order to carry that burden, a party must show that the impleader action is "dependent on, or derivative of, the main or third-party claim." *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000. "In other words, the third-party defendant's liability must be contingent on the outcome of the main claim, which traditionally means liability for indemnification, contribution, or subrogation." *Kraus USA, Inc. v. Magarik*, 2018 U.S. Dist. LEXIS 168164, at *22 (S.D.N.Y. Sept. 28, 2018) (cleaned up).

The decision whether to permit a defendant to implead a third-party defendant is committed to the sound discretion of the trial court. *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (per curiam); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 477 (D.C. Cir.1976), *cert. denied*, 434 U.S. 1086 (1978). In determining whether to grant a motion for leave to serve a third-party complaint, courts in this circuit generally consider four factors: "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." *Comfort Sys. USA (Syracuse), Inc. v. Gateway Prop. Sols., Ltd.*, 2021 U.S. Dist. LEXIS 207553, at *7 (W.D.N.Y. Oct. 26, 2021) (cleaned up).

Of course, a court considering whether impleader is appropriate must also determine whether it has subject matter jurisdiction over each claim. That inquiry, however, is "distinct

from an assessment of the propriety and merits of an impleader action." *Bank of India*, 239 F.3d at 438; *see also Kyser v. Conn. S. R.R.*, 2013 U.S. Dist. LEXIS 93804, at *7-8 (D. Conn. July 3, 2013).

## II.     Relevant Background

Chiaravallo filed the original complaint in this action in 2018 against MAT, the City of Middletown, Mayor Daniel Drew, and a number of individual members of the MAT Board, principally alleging that he had been terminated by the MAT at Drew's behest in violation of his Fourteenth Amendment right to due process, and additionally bringing a number of state-law claims against the parties. *See* Compl., Doc. No. 1. In 2019, I granted MAT's motion to dismiss without prejudice, and permitted Chiaravallo to file an amended complaint against MAT within thirty days. *See* Doc. No. 49. Chiaravallo failed to do so, and the MAT defendants were subsequently dismissed from the action. Thereafter, Drew and the City moved for summary judgment, a motion I denied in part. *See* Doc. No. 106. A jury trial on the remaining claims is scheduled to begin in October 2022. *See* Doc. No. 118.

## III.    Discussion

Principally because of the age of this case and the inexplicable delay by the defendants in seeking leave to file a third-party complaint, granting the motion would not, in my view, serve the purposes of Rule 14. In particular, the underlying purpose of Rule 14 is to "promote judicial economy by eliminating the need for a defendant to bring a separate action against a third party who may be secondarily liable to the defendant." *Hosp. for Special Care v. Mallory Indus., Inc.*, 2022 U.S. Dist. LEXIS 40393, at *4-5 (D. Conn. Mar. 8, 2022). In the case at bar, however, allowing the defendants to file the motion for leave to implead would do just the opposite— it would delay a matter that has now been pending for nearly four years. Furthermore, the defendants have

provided no credible explanation for that lengthy delay, indicating only that they were awaiting the resolution of the summary judgment motions. But, as MAT notes, the defendants waited an additional nine months after the summary judgment ruling before filing the instant motion, and they offer no other explanation for the prolonged delay. Moreover, each of the cases the defendants cite in support of their position involve briefer delays than the one at issue here. MAT Brief, Doc. No. 132 at 5; *see also Monaghan v. SZS 33 Assocs., Ltd. P'ship*, 1995 U.S. Dist. LEXIS 157, at *18 (S.D.N.Y. Jan. 10, 1995) (denying leave to implead where motion was filed "*two years and three months* after [defendants] filed their Answer"); *Sancho v. Davidson*, 2007 WL 9754737, at *2 (D. Conn. Dec. 5, 2007) (denying leave to implead where "there seems to be no question that the defendant was aware of the identities and possibil[e] liability of the proposed third party defendants" and offered no satisfactory explanation for the delay).

Furthermore, I am not persuaded that granting the motion would not unduly delay the upcoming trial. Although the defendants vehemently contend that resolution of its third-party claims would require no discovery, it would— at the least— require the parties to engage in motions practice. As a result, granting the motion is likely to delay a trial that has now been on the calendar since April of 2022. *See* Doc. No. 118. In addition, I agree that granting the motion so late in the day may result in prejudice to either Acadia or MAT. Although MAT was previously a defendant in this action, it has not been involved with the proceedings since 2019, and Acadia would be joining the action for the first time. *Cf. Hosp. for Special Care,* 2022 U.S. Dist. LEXIS 40393 at *7 (noting lack of prejudice where proposed third-party defendant had been "actively involved in settlement negotiations up to this point"); *Lombardo v. Greyhound Lines, Inc.*, 179 F.R.D. 83, 86 (D. Conn. 1998) ("under the original parties' scheduling order, as amended by order of this Court, the deadlines for conducting depositions, for providing expert

4

reports and final exhibit lists have expired. Thus, bringing in a third-party defendant at this time would substantially delay the trial of this case and would prejudice both plaintiff and [proposed third-party defendant]."). Finally, I agree with Acadia that allowing impleader may complicate the trial, given that the claims set forth in the third-party complaint "introduce new and distinct legal issues and factual allegations." *See* Acadia Brief, Doc. No. 135 at 13.

In my view, even assuming that the third-party complaint raises viable claims, "that factor is outweighed by the delay that would result, the prejudice to the plaintiff, and the defendant's failure to explain why [the] motion should be granted when the case is ready to proceed to trial." *Sancho*, 2007 WL 9754737, at *2. Accordingly, the motion is **denied.**

### IV.     Conclusion

For the foregoing reasons, the motion for leave to file and serve a third-party complaint is denied.

So ordered.

Dated at Bridgeport, Connecticut this 18th day of August 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge